# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**JUSTIN HAYES and AMANDA HAYES,**

Plaintiffs,

**v.**                                                                    **Case No. 18-cv-923**

**WISCONSIN AND SOUTHERN RAILROAD, LLC., et al.,**

Defendants.

---

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND FOR PROTECTIVE ORDER

---

In this action under the Federal Employment Liability Act (FELA), Wisconsin and Southern Railroad, LLC (WSOR) has moved to strike a declaration of David Paspalofski submitted in support of plaintiffs' motion for partial summary judgment. Because plaintiffs' *ex parte* contact with Mr. Paspalofski falls outside the type of conduct prohibited by Rule 4.2 of the ABA's Model Rule of Professional Conduct, WSOR's motion to strike will be denied. Additionally, WSOR's request for a protective order will be denied as overly broad.

## I.     Background

Justin Hayes is a current employee of WSOR. On February 12, 2018, Hayes was working as a carman welder for WSOR at its shop in Horicon, Wisconsin when he suffered a severe electrical shock. He has since undergone numerous medical and psychological examinations and treatment.

Hayes filed this action on June 19, 2018, and the matter was randomly assigned to Magistrate Judge David Jones. Upon Judge Jones's resignation, the case was randomly reassigned to this court. All parties have consented to the jurisdiction of this court.

On June 25, 2019, Hayes moved for partial summary judgment as to Count I of his amended complaint, arguing that no genuine issue of material fact exists as to whether WSOR breached its non-delegable duty to provide a reasonably safe work place and that such a breach was a cause of Hayes's injuries. In support of his motion for partial summary judgment, Hayes submitted a declaration from David Paspalofski, a co-worker who witnessed the incident.

On July 25, 2019, WSOR moved to strike Paspalofski's declaration and for a protective order preventing the plaintiffs from contacting WSOR's employees. The motion is fully briefed and ready for disposition.

## II.    Discussion

WSOR has moved to strike Paspalofski's declaration based on alleged violations of Wisconsin Supreme Court Rule 20:4.2 and Fed. R. Civ. P. 26. WSOR also seeks a protective order forbidding plaintiffs from future *ex parte* contact with its employees.

### A.  Wisconsin Supreme Court Rule 20:4.2

In the course of investigating the underlying facts of this lawsuit, Hayes's counsel spoke with and subsequently obtained a declaration from Paspalofski, a current WSOR employee . WSOR argues that Hayes's attorney had an ethical obligation under SCR 20:4.2 to seek permission from WSOR or the Court prior to speaking with Paspalofski. Because no such permission was sought, the Court must strike Paspalofski's declaration.

SCR 20:4.2 provides that, when representing a client, "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order." Wis. Sup. Ct Rule 20:4.2. SCR 20:4.2 is identical to Rule 4.2 of the ABA's Model Rules of Professional Conduct, the relevant commentary to which states:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs, or regularly consults with the organization's lawyer concerning the matter or has the authority to obligate the organization with respect to the matter or whose acts or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

SCR 20:4.2, ABA Comment 7. Thus, under Comment 7, Rule 4.2 prohibits a lawyer from communicating with those employees of another party who fall within one of the following categories: (1) those who supervise, direct, or regularly consult with the organizations lawyer concerning the matter at issue; (2) those with the authority to obligate the organization with respect to the matter at issue; or (3) those whose acts or omissions in connection with the matter may be imputed to the organization for purposes of liability. *See Id*.; *see also* Br. in Opp'n 3.

WSOR claims that Paspalofski's statements "potentially constitute an employee admission which may be imputed against WSOR for the sake of imposing civil liability in the litigation under Fed. R. Evid. 801(d)(2)(D)." As such, Hayes's contact with Paspalofski violated SCR 20:4.2. It contends that the rule "explicitly prohibits *ex parte* communications with current employees whose statements in connection with the matter may be imputed to the organization for purposes of civil liability." *Id.*

WSOR contends that SCR 20:4.2 prohibits *ex parte* communications with employees whose statements, which potentially constitute employee admissions under the Federal Rules of Evidence, may be imputed to the organization. However, the ABA has made clear that the Rule's prohibition on *ex parte* communication is not co-extensive with Rule 801(d)(2)(D). In fact, the ABA amended its commentary in 2002 specifically in an attempt to correct this mistaken understanding.

"The original Comment 7 to Rule 4.2 stated that Rule 4.2 prohibits communication with any person 'whose statement may constitute an admission on behalf of the organization.'" *Paris v. Union Pac. R.R.*, 450 F. Supp. 2d 913, 915 (E.D. Ark. 2006). "In 2002, the American Bar Association amended Comment 7 to Model Rule 4.2 to remove the prohibition on communications with anyone 'whose statements may constitute an admission on behalf of the organization' because that prohibition was 'broad and potentially open-ended' and 'had been read to prohibit communication with anyone whose testimony would be admissible against the organization as an exception to the hearsay rule.'" *Paris v. Union Pac. R.R.*, 450 F. Supp. 2d 913, 915 (E.D. Ark. 2006) (citing Am. Bar. Ass'n, Annotated Model Rules of Professional Conduct 4.2 (5th ed. 2003)).

There is no evidence that Paspalofski fell into any of the three categories of employees set forth in the commentary. At the time of the incident, Paspalofski was a trainee at WSOR, working under Hayes. (ECF No. 61-2, ¶ 3.) There is no evidence that Paspalofski supervised or regularly consulted with WSOR's lawyer, or that he committed some act or omission in connection with Hayes's injuries. While WSOR argues that Paspalofski's statements may potentially obligate the railroad in this litigation, as noted, that argument is unavailing. In short, there is no basis to conclude that Paspalofski was the sort of employee for whom *ex parte* contact is prohibited. *See EEOC v. Hora, Inc.*, 239 F. App'x 728, 731 (3d Cir. 2007) (discussing instances where employees were found to be

within the scope of rules similar to ABA Rule 4.2). Accordingly, the Court will not strike the declaration pursuant to SCR 20:4.2.

**B. Fed. R. Civ. P. 26**

WSOR next argues that Paspalofski's declaration should be stricken pursuant to Fed. R. Civ. P. 37 for Hayes's failure to disclose him as a potential witness under Fed. R. Civ. P. 26(a)(1). Rule 26 of the Federal Rules of Civil Procedure provides that each party must disclose "the name and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion … unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017).

WSOR argues that, had Hayes "disclosed the nature of Mr. Paspolofski's discoverable information," it would have been able to interview him "to learn more about the basis for his opinions." Because he was not disclosed earlier, WSOR argues, it is

"forced to respond to a dispositive motion based, in part, on an affidavit from a witness that was never disclosed …."

Hayes acknowledges Rule 26's disclosure requirement but argues that the rule requires supplemental disclosure "not immediately, but 'in a timely manner.'" Because Paspalofski's declaration was provided to Hayes on July 20, 2019, and was provided to WSOR five days later as an exhibit to Hayes's motion for partial summary judgment, Hayes asserts that his supplemental disclosure was timely.

Any noncompliance with Rule 26 in this instance was harmless. While WSOR alleges prejudice from not having had the opportunity to interview Paspalofski before he submitted his declaration, it does not explain how it was prejudiced. It had the opportunity to speak with him once it received his declaration and before responding to Hayes's motion. Striking Paspalofski's declaration under Rule 37 is unwarranted.

### C. Protective Order

Finally, WSOR seeks a protective order preventing Hayes from "engaging in further *ex parte* contact with current WSOR employees without WSOR's or the Court's permission." The Court will deny WSOR's request as too broad. As noted above, ABA Rule 4.2 allows an attorney to contact an employee of a represented organization unless the employee is one of the three types of employees for which prior permission is needed. If an employee does not fall into one of the three categories, then *ex parte* communication

with an organization's employees is not limited. *See State Farm Mut. Auto. Ins. Co. v. Sanders*, 975 F. Supp. 2d 509, 511 (E.D. Pa. 2013).

## III.    Conclusion

For all the foregoing reasons, the railroad's motion to strike and for protective order will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Strike and for a Protective Order is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of October, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge