UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN M. HAYES and AMANDA E HAYES,

    Plaintiffs,

v.        Case No. 18-CV-923

WISCONSIN & SOUTHERN RAILROAD, LLC,
LLOYDS,
PIEPER ELECTRIC, INC., and
ZURICH AMERICAN INSURANCE COMPANY,

    Defendants.

WISCONSIN & SOUTHERN RAILROAD, LLC,

    Third-Party Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY and
PIEPER ELECTRIC, INC.,

    Third-Party Defendant.

## DECISION AND ORDER

Third-party defendant Zurich American Insurance Company (Zurich) has moved for summary judgment against defendant and third-party plaintiff Wisconsin and

Southern Railroad, LLC (WSOR), seeking a judgment that it owes no duty to defend or indemnify WSOR against plaintiffs' claims. (ECF No. 57.) The motion has been fully briefed and is ready for resolution. All parties have consented to the jurisdiction of a magistrate judge.

1. Facts

Plaintiff Justin Hayes filed this lawsuit for injuries sustained while working as an employee for WSOR. According to the complaint, on February 12, 2018, Hayes was working as a carman-welder for WSOR at its car shop in Horicon, Wisconsin. (ECF No. 1, ¶ 9.) He was welding on a rail car when he was electrocuted. (*Id.*) He has since undergone numerous medical and psychological examinations and treatment. (*Id.*, ¶ 10.) He filed this lawsuit against WSOR, alleging negligence under the Federal Employers Liability Act (FELA).

An Amended Complaint was later filed, naming both Hayes and his wife Amanda as plaintiffs. (ECF No. 23.) In addition to WSOR, the plaintiffs named as defendants WSOR's insurer, Lloyd's; Pieper Electric, Inc.; and Pieper's insurer, Zurich. According to the Amended Complaint, pursuant to a contractual agreement with WSOR, Pieper would inspect, maintain, and repair and service the electrical distribution system, equipment and electrical components at WSOR's rail car repair facility in Horicon. (*Id.*, ¶ 27.) The plaintiffs allege that Justin's injuries were caused by the negligence of Pieper in performing its duties at the Horicon facility. (*Id.*, ¶ 32.) The

Amended Complaint contains three counts: Count I is Justin's FELA claim against WSOR and Lloyd's; Count II alleges common law negligence against Pieper and Zurich; and Count III is Amanda's claim against Pieper and Zurich for loss of consortium.

WSOR filed a Third-Party Complaint against Pieper and Zurich. (ECF No. 24.) The Third-Party Complaint contains a direct action against Zurich pursuant to Wis. Stat. § 632.24 and seeks a declaration that WSOR is entitled to coverage as an insured under a policy issued by Zurich. Although Zurich contends that it has no duty to defend or indemnify WSOR in connection with either the initial Complaint or the Amended Complaint, it is currently defending WSOR under a reservation of rights. In this motion it seeks a declaration that it no longer must defend WSOR or indemnify it for any damages the plaintiffs might recover.

For purposes of this motion, Zurich and WSOR agree to the following facts. Justin Hayes was an employee of WSOR at the time of the events giving rise to this lawsuit. (ECF No. 65, ¶ 1.) He was acting in the performance of his duties related to the conduct of WSOR's business at the time of the accident. (*Id.*, ¶ 5.) Zurich issued a commercial insurance policy to PPC Partners, Inc. for the period covering the date of the accident. (*Id.*, ¶ 6.) Pieper is a scheduled named insured on the Zurich policy. (*Id.*, ¶ 7.)

> The Zurich policy contains the following Insuring Agreement:
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property

damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages in which this insurance does not apply.

(ECF No. 65, ¶ 8.) In a provision the parties refer to as Exclusion (e), the Zurich policy states that the insurance does not apply to bodily injury to an employee of the insured arising out of and in the course of employment by the insured, or performing duties related to the conduct of the insured's business. (ECF No. 65, ¶ 9.) However, the policy states that the exclusion "does not apply to liability assumed by the insured under an 'insured contract'." (*Id*.) "Insured contract" is defined as "that part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement." (*Id*., ¶ 13.)

The Zurich policy also contains the following Separation of Insureds provision:

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

(ECF No. 65, ¶ 14.) The policy included several "additional insured" endorsements, adding as an additional insured "any person or organization whom you are required to add as an additional insured on this policy under a written contract or written agreement." (*Id*., ¶ 15.) Such person or organization is an additional insured "only with respect to liability for 'bodily injury', 'property damage' or 'personal and advertising injury caused, in whole or in part, by: (1) Your acts or omissions; or (2) the acts or omissions of those acting on your behalf, in the performance of your ongoing operations, or 'your work' as included in the 'products-completed operations hazard', which is the subject of the written contract or written agreement." (*Id*.)

> Finally, the policy states:
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under the policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II—Who Is An Insured.

(ECF No. 74, ¶1.) The Zurich policy contains and incorporates a Schedule of Named Insureds which lists each and every Named Insured. Pieper is a Named Insured but WSOR is not. (*Id*., ¶ 2.)

   **2. Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any materials facts and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court must view all evidence and draw all reasonable inferences in favor of the non-moving party. *Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 636 (7th Cir. 2019).

### 3. Analysis

Zurich concedes for purposes of its motion for summary judgment that WSOR is an additional insured under the Zurich policy. (ECF No. 73 at 3.) Zurich contends that Exclusion (e), the employer's liability exclusion, precludes coverage for plaintiff Justin Hayes's injuries. (ECF No. 59 at 5.) Specifically, it is undisputed that Hayes was an employee of WSOR and that his injuries occurred in the course of his employment by WSOR. (*Id*.) Because, Zurich contends, WSOR is "the insured" under the employer's liability exclusion, Hayes's injuries are excluded from coverage unless the "insured contract" exception to the exclusion applies. (*Id*.) And, according to Zurich, it does not. (*Id*. at 10-12.)

In response, WSOR argues that Pieper, not WSOR, is "the insured" for purposes of applying the employer liability exclusion because Pieper is "you" and "your" for purposes of the insured contract exception to the employer liability exclusion.

Zurich's policy states that Zurich "will pay those sums that the insured becomes legally obligated to pay as damages because of the 'bodily injury'… to which this insurance applies." As stated above, Zurich concedes for purposes of this motion that WSOR was, indeed, an insured under the policy.

That said, the employer liability exclusion states that the insurance does not apply to bodily injury to an employee of the insured arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business. Zurich contends that "the insured" for purposes of that exclusion is WSOR as the party seeking coverage under the policy. WSOR does not directly respond to that argument, and the court finds this to be the only reasonable reading of the policy.

WSOR, however, argues that an exception to the "Employer's Liability" exclusion applies. The exception states, "This exclusion does not apply to liability assumed by the insured under an 'insured contract'." (ECF No. 65, ¶ 9.) WSOR contends that "the insured" referenced in the exception to the exclusion is Pieper, not WSOR.

Untangling this coverage dispute is complicated by the unusual fact that two adverse parties are both covered under the same policy. Pieper is "the insured" under the contract, but so is WSOR. In such a scenario, the only reasonable way to read the contract is to understand "the insured" as the covered entity whose coverage is presently being assessed. Thus, because the question before the court is the extent of WSOR's coverage under the policy, "the insured" must be read to refer to WSOR exclusively and not Pieper. If the court were assessing Pieper's coverage under the policy, "the insured" would be read to refer exclusively to Pieper and not WSOR (or any other entity that is insured under the policy). To read the policy otherwise would result in irreconcilable ambiguities.

7
Case 2:18-cv-00923-WED    Filed 11/12/19    Page 7 of 9    Document 89

For the purposes of the present motion, the "Employer's Liability" exclusion should be read as excluding coverage for

> "Bodily injury" to:
>
> (1) An "employee" of [WSOR] arising out of and in the course of:
>
> (a) Employment by [WSOR]; or
>
> (b) Performing duties related to the conduct of [WSOR]'s business; or
>
> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
>
> This exclusion applies whether [WSOR] may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

(ECF No. 51-1 at 52.) As noted above, there is no question that this exclusion applies and bars coverage for WSOR with respect to the plaintiffs' claims. Only if the exception to the exclusion applies will coverage be found.

The exception to the exclusion reads: "This exclusion does not apply to liability assumed by [WSOR] under an 'insured contract'." (ECF No. 51-2 at 52.) There is no evidence that WSOR entered into an "insured contract" whereby it agreed to assume liability for bodily injury to its employee. Therefore, the exception to the exclusion does not apply.

8

The fact that one of Zurich's insureds—Pieper—entered into a contract whereby it agreed to indemnify WSOR for injuries related to its work may result in Zurich ultimately paying WSOR for its loss. But that is distinct from Zurich's obligation to insure WSOR as an additional insured under Pieper's policy. For example, only the latter encompasses a duty to defend.

Because Justin was WSOR's employee and his injuries arose out of his employment by WSOR (and his wife's claim is a consequence of those injuries), the plaintiffs' claims are excluded under the Employer's Liability exclusion. Consequently, Zurich American Insurance Company has no duty to indemnify nor defend WSOR with respect to the plaintiffs' claims.

**IT IS THEREFORE ORDERED** that Zurich American Insurance Company's motion for summary judgment against Wisconsin and Southern Railroad, LLC (ECF No. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** that Zurich American Insurance Company's "Motion to Bifurcate and Stay" is **DISMISSED AS MOOT** in light of the court having granted Zurich's motion for summary judgment.

Dated at Milwaukee, Wisconsin this 12th day of November, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge