# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSTIN M. HAYES and AMANDA E. HAYES,**
        Plaintiffs,

**v.**                                                         Case No. 18-CV-923

**WISCONSIN & SOUTHERN RAILROAD, LLC,**
**LLOYDS,**
**PIEPER ELECTRIC, INC., and**
**ZURICH AMERICAN INSURANCE COMPANY,**
        Defendants.

**WISCONSIN & SOUTHERN RAILROAD, LLC,**
        Third-Party Plaintiff,

**v.**

**ZURICH AMERICAN INSURANCE COMPANY and**
**PIEPER ELECTRIC, INC.,**
        Third-Party Defendant.

# DECISION AND ORDER

### 1. Background

Plaintiff Justin Hayes was injured while working for defendant Wisconsin & Southern Railroad as a welder at its car shop in Horicon, Wisconsin. On February 9, 2018, the railroad noticed problems with its electrical system at the shop. (ECF No. 69,

¶ 16.) It shut off the power and contacted its electrical contractor, defendant Pieper Electric, Inc., to inspect the system. (ECF No. 69, ¶ 18.) The railroad requested Pieper to inspect all outlets to ensure they were safe to use. (ECF No. 69, ¶ 20.) A Pieper technician identified a problem with a welding circuit and removed it from service. (ECF No. 69, ¶¶ 21-22.) A Pieper technician (it is unclear whether it was the same technician) advised that all other aspects of the electrical system were safe for use. (ECF No. 69, ¶ 23.) Therefore, the railroad resumed its operations. (ECF No. 69, ¶ 24.)

On February 12, 2018, Hayes plugged his welding machine into an outlet that Pieper had cleared as being safe to use. (ECF No. 69, ¶ 30.) Immediately upon beginning welding, Hayes received an electric shock. (ECF No. 69, ¶ 32.) The railroad admits that, "[t]o the extent Mr. Hayes suffered electrical-shock injuries on February 12, 2018, those injuries were caused, in whole or in part, by the negligent actions, inactions, and/or omissions of Pieper." (ECF No. 69, ¶ 36.)

Hayes and his wife brought this action alleging Pieper was negligent and the railroad violated the Federal Employers Liability Act (FELA). (ECF No. 23.) Hayes seeks summary judgment on his FELA claim. He argues that, by admitting that Pieper was negligent, the railroad is necessarily liable under FELA.

2. **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any materials facts and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court must view all evidence and draw all reasonable inferences in favor of the non-moving party. *Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 636 (7th Cir. 2019).

3. **Analysis**

FELA makes every interstate railroad

liable in damages to any person suffering injury while he is employed by such carrier … for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51.

Under FELA, courts give "an accommodating scope … to the word 'agents'" that is broader than the common law bounds of agency law. *Sinkler v. Mo. Pac. R.R. Co.*, 356 U.S. 326, 329, 330 (1958); *Childress v. AMTRAK*, No. 04 C 1521, 2004 U.S. Dist. LEXIS 25702, at *4 (N.D. Ill. Dec. 9, 2004); *Rodriguez v. Trump Casino*, No. 2:02 cv 254, 2009 U.S. Dist. LEXIS 65501, at *19 (N.D. Ind. July 29, 2009) (quoting *Austin v. Soo Line Railroad Co.*, 1996 U.S. Dist. LEXIS 13929, 1996 WL 539123, *3 (N.D. Ill. Sept. 20, 1996)). "[W]hen a railroad employee's injury is caused in whole or in part by the fault of others performing, under contract, operational activities of his employer, such others are 'agents' of the employer within the meaning of § 1 of FELA." *Sinkler*, 356 U.S. at 331-32.

Although this definition of "agents" is not boundless, *Randle v. Crosby Tugs, L.L.C.*, 911 F.3d 280, 285 (5th Cir. 2018), courts have taken a broad view regarding the

sorts of activities that constitute "operational activities" of a railroad, *see Dykes v. BNSF Ry. Co.*, 356 F. Supp. 3d 1097, 1101 (W.D. Wash. 2018); *Coale v. Metro-North R.R.*, 34 F. Supp. 3d 206, 213 (D. Conn. 2014) (citing cases), *vacated and remanded sub nom. Coale v. Metro-N. Commuter R. Co.*, 621 F. App'x 13 (2d Cir. 2015); *Mele v. Metro. Transp. Auth.*, 2006 U.S. Dist. LEXIS 54198, at *12 (S.D.N.Y. Aug. 4, 2006) (citing *Moore v. Chesapeake & Ohio Ry. Co.*, 649 F.2d 1004, 1007-08 (4th Cir. 1981) (finding contracted janitorial staff "agents"); *Carney v. Pittsburgh & Lake Erie R.R. Co.*, 316 F.2d 277, 282 (3d Cir. 1963) (finding YMCA contracted to provide room and board to railroad employees an "agent"); *Fitzgerald v. A. L. Burbank & Co.*, 451 F.2d 670, 680 (2d Cir. 1971) (finding physicians contracted to provide medical care "agents"); *Lockard v. Mo. P. R. Co.*, 894 F.2d 299, 303 (8th Cir. 1990) ("When the railroad provides lodging for its employees, this is an operational activity for which negligence may be imputed to the railroad.") (citing *Empey v. Grand T. W. R. Co.*, 869 F.2d 293, 296 (6th Cir. 1989)).

"An activity is an 'operational activity' if it is necessary or vital to the defendant's operations." *Sanders v. Diamond Offshore Drilling*, No. 00-2307, 2002 U.S. Dist. LEXIS 22714, at *9 (E.D. La. Nov. 21, 2002); *see also Roberts v. S. Pac. Transp. Co.*, 44 S.W.3d 183, 186 (Tex. App. 2001) ("'Operational activities of [the] employer' refers to the undertakings which 'further the task of the [employer's] enterprise.'") (quoting *Sinkler*, 356 U.S. at 331); *Williams v. Norfolk S. R. Co.*, 767 F. Supp. 756, 761 (E.D. Va. 1991) (describing "operational activities" as "services the employer would ordinarily perform,

but has chosen, for some reason to contract out to others"). Powering its car shop is certainly an operational activity of the railroad. The railroad effectively concedes as much when it says, "Like most businesses, WSOR uses electricity to power certain operations, including tools in its repair shop." (ECF No. 68 at 8.) Rather than employing its own electricians to maintain and repair its electrical system, the railroad contracted that work out to Pieper. (ECF No. 69, ¶ 8.) The railroad admits that Pieper, the entity with which it contracted to perform the operational activity of repairing the electrical system in its car shop, did so negligently. (ECF No. 69, ¶¶ 36-50.)

The railroad having contracted with Pieper to perform one of its operational activities, Pieper was the railroad's agent under FELA. *Sinkler*, 356 U.S. at 331-32. Consequently, the railroad is liable to Hayes for injuries he sustained as a result of the negligence of its agent, Pieper. The railroad could not evade liability by showing it was not personally negligent. *Horne v. Ill. Cent. R.R. Co.*, No. 17-7428, 2018 U.S. Dist. LEXIS 83231, at *5 (E.D. La. May 17, 2018) (citing *Nivens v. St. Louis S. R. Co.*, 425 F.2d 114, 120 (5th Cir. 1970)).

Although Pieper has not conceded its negligence, that question is relevant only to Justin and Amanda Hayes's common law claims and the railroad's indemnification claim against Pieper. The railroad's admission that its agent was negligent, standing alone, is sufficient to resolve Justin's FELA claim in his favor.

**IT IS THEREFORE ORDERED** that Justin Hayes's motion for summary judgment against Wisconsin & Southern Railroad as to his claim under the Federal Employers Liability Act (ECF No. 60) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 18th day of November, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge