# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSTIN M. HAYES and AMANDA E. HAYES,**
        Plaintiffs,

    v.                              Case No. 18-CV-923

**WISCONSIN & SOUTHERN RAILROAD, LLC,**
**LLOYDS,**
**PIEPER ELECTRIC, INC., and**
**ZURICH AMERICAN INSURANCE COMPANY,**
        Defendants.

**WISCONSIN & SOUTHERN RAILROAD, LLC,**
        Third-Party Plaintiff,

v.

**ZURICH AMERICAN INSURANCE COMPANY and**
**PIEPER ELECTRIC, INC.,**
        Third-Party Defendant.

# ORDER

Before the court is the motion Zurich American Insurance Company whereby Zurich asks the court to enter judgment on Wisconsin and Southern Railroad's third-party complaint against Zurich as well as Zurich's counterclaim against Wisconsin and Southern Railroad. The discrete issue raised in these pleadings was whether Zurich had

a duty to defend and indemnify Wisconsin and Southern Railroad for the claims the plaintiffs asserted against the railroad in the overarching action.

On November 12, 2019, the court granted Zurich's motion for summary judgment, finding that Zurich has no duty to indemnify nor defend Wisconsin and Southern Railroad with respect to the plaintiffs' claims. (ECF No. 89.)

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

No party has responded to Zurich's motion. Having reviewed the motion and record in this matter, the court finds no just reason for delay of the entry of final judgment on Wisconsin and Southern Railroad's third-party complaint against Zurich American Insurance Company, and conversely on Zurich American Insurance Company's counterclaim against Wisconsin and Southern Railroad. The issue of indemnification underlying these claims is independent of the claims remaining in this action.

However, the Court of Appeals for the Seventh Circuit

> [l]ong ago … added a timeliness requirement as a hedge against dilatory Rule 54(b) motions. *Schaefer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972). [It] held in *Schaefer* that 'as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates.' *Id.*

*King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017).

Zurich's motion was filed 41 days after the relevant order. (*See* ECF Nos. 89 (Nov. 12, 2019); 97 (Dec. 23, 2019).) Faced with the clear admonition from the court of appeals that it would be an abuse of discretion to grant a motion for a Rule 54(b) order that was filed more than 30 days after the adjudication to which it relates, the court has no option but to deny the present motion.

The court of appeals did, however,

> recognize[] that '[t]here may be of course cases of extreme hardship where dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice.' [*Schaefer*, 465 F.2d at 236]. But '[t]hose occasions,' … 'ought … to be extremely rare.' *Id.*

*King*, 845 F.3d at 868. Zurich has made no effort to excuse its delay. Consequently, the court cannot find that this is a case of "extreme hardship" where the delay may be excused.

**IT IS THEREFORE ORDERED** that Zurich American Insurance Company's "Motion for Entry of Final Judgment" (ECF No. 97) is **DENIED**.

Dated at Milwaukee, Wisconsin this 16th day of January, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge