# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN M. HAYES and AMANDA E. HAYES,
        Plaintiffs,

    v.                                    Case No. 18-CV-923

WISCONSIN & SOUTHERN RAILROAD, LLC,
LLOYDS,
PIEPER ELECTRIC, INC., and
ZURICH AMERICAN INSURANCE COMPANY,
        Defendants.

WISCONSIN & SOUTHERN RAILROAD, LLC,
        Third-Party Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY and
PIEPER ELECTRIC, INC.,
        Third-Party Defendant.

# DECISION AND ORDER

On November 18, 2019, this court granted plaintiff Justin Hayes's motion for summary judgment as to his claim that Wisconsin & Southern Railroad is liable for the injuries he sustained as a welder in its employ. *Hayes v. S. R.R., LLC*, No. 18-CV-923, 2019 U.S. Dist. LEXIS 199533 (E.D. Wis. Nov. 18, 2019). Hayes was electrocuted, and Wisconsin

& Southern Railroad, in response to Hayes's proposed findings of fact, admitted that Hayes's injury occurred because of the negligence of its electrical contractor, Pieper Electric, Inc. *Id.* at *2. Pieper was Wisconsin & Southern Railroad's "agent" under the Federal Employers Liability Act (FELA), and, consequently, Wisconsin & Southern Railroad is liable for Hayes's injuries. *Id.* at *5-6.

Wisconsin & Southern Railroad asks the court to reconsider its decision, insisting that it never actually admitted that Pieper was negligent. It contends that it merely alleged a contribution claim against Pieper and, in response to a request to admit proffered by Hayes, admitted statements that tracked the allegations in its third-party complaint against Pieper. It argues that allegations in a third-party complaint cannot be regarded as judicial admissions in a summary judgment motion. Nor can its admissions in response to the plaintiffs' requests to admit be taken as dispositive.

The court's conclusion that Wisconsin & Southern Railroad admitted Pieper's negligence was not based on the railroad's third-party complaint or its responses to Hayes's requests to admit. Rather, the court relied on Wisconsin & Southern Railroad's response to the proposed findings of fact Hayes submitted in support of his motion for summary judgment. Specifically, Hayes proffered: "To the extent Mr. Hayes suffered electrical-shock injuries on February 12, 2018, those injuries were caused, in whole or in part, by the negligent actions, inactions, and/or omissions of Pieper. (Exhibit A, No. 5; ECF No. 24, ¶ 5)." (ECF No. 61, ¶ 36.) This proposed finding of fact generally tracked the

language of the admission (ECF No. 61-1, ¶ 5) that Wisconsin & Southern Railroad devoted much of its response to arguing it did not actually admit. Nonetheless, Wisconsin & Southern Railroad's response to this proposed finding of fact was, without objection, caveat, or qualification, "Admitted." (ECF No. 69, ¶ 36.)

Granted, Hayes supported the proposed finding of fact by citing to Wisconsin & Southern Railroad's response to his requests to admit (ECF No. 61-1, ¶ 5) and the railroad's third-party complaint against Pieper (ECF No. 24, ¶ 5). But if it was Wisconsin & Southern Railroad's position that its third-party complaint and response to Hayes's request to admit could not be used to support a finding that it admitted Pieper was negligent, then it should not have admitted a proposed finding of fact that said exactly that. Having explicitly admitted Hayes's proposed finding of fact that Piper was negligent, in accordance with Civil Local Rule 56(b)(4) the court accepted that admission and relied on it to decide the motion.

It is well-established that a court may enforce the consequences of a party's failure to dispute a movant's proposed finding of fact. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920-924 (7th Cir. 1994). The admission was explicit. Presented with an unambiguous admission, the court is not required to ponder potential "nuances and inconsistencies." *Id.* at 920.

Moreover, in answering the plaintiffs' first amended complaint, the railroad stated,

> 31. WSOR admits that Pieper was negligent in the performance of its duties and work on the electrical system of WSOR's car shop in Horicon, Wisconsin, including but not limited to the acts and omissions listed in subparagraphs a. through o. of paragraph 31 of the Complaint. WSOR denies the remaining allegations set forth in paragraph 31 of the Complaint.
>
> 32. WSOR admits that to the extent Mr. Hayes suffered any electrical injuries, such injuries were proximately caused by the negligence and/or other fault of Pieper....

(ECF No. 31.)

These admissions were not made in the context of any third-party complaint against Pieper or offered with any caveat or reservation. The court did not rely on these judicial admissions in granting the plaintiff's motion for summary judgment because Wisconsin & Southern Railroad's admission of the relevant proposed finding of fact was sufficient. But these judicial admissions constitute an independent basis for the relief granted. *See, e.g., Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005) (noting that an admission in an answer to a complaint is a binding judicial admission); *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (discussing judicial admissions generally).

Wisconsin & Southern Railroad's reliance on *Douglas Equip., Inc. v. Mack Trucks, Inc.*, 471 F.2d 222 (7th Cir. 1972), is misplaced. That action stemmed from injuries a truck driver sustained when an air tank on his truck exploded. *Id.* at 224. The truck driver sued Douglas Equipment, the company that owned, maintained, and leased the truck to the driver's employer. Douglas Equipment then sought indemnification from the truck

manufacturer, Mack Trucks. Mack in turn filed a third-party complaint against the company that made the tank. In its third-party complaint, Mack alleged the tank was "unreasonably dangerous." *Id.* Mack similarly stated, in responding to certain interrogatories propounded by that manufacturer of the tank, that it believed that certain seams were inadequately welded. *Id.* at 224-25. Douglas Equipment sought to use these statements as binding admissions against Mack.

The trial court did not accept the statements as admissions against Mack, and the court of appeals affirmed. The court of appeals noted that the statement in the third-party complaint was "prefaced with an assertion that if Mack were liable to Douglas it would be so only because of [the tank manufacturer] having permitted the tank to be in an 'unreasonably dangerous' condition." *Id.* at 224. Wisconsin & Southern Railroad's statements in its third-party complaint against Pieper contained no similar preface, or caveat of any sort.

As for Mack's responses to the tank manufacturer's interrogatories, the court of appeals noted that these admissions were made in conjunction with the prosecution of a third-party complaint between Mack and the tank manufacturer and must be considered in that context. "The answers to these interrogatories were obviously conditioned on the hypothetical establishment of Mack's liability to Douglas, which was not conceded by Mack." *Id.* at 225. Here, Wisconsin & Southern Railroad's admissions came in response to interrogatories that were proffered by *Hayes* (ECF No. 61-1), not the party against whom

the railroad was asserting its third-party claim. Thus, the admissions were not made in the context of its prosecution of the third-party claim.

But, most importantly, *Douglas Equipment* is distinguishable because this court did not rely on either Wisconsin & Southern Railroad's third-party complaint or its interrogatory responses to conclude that Wisconsin & Southern Railroad admitted Pieper's negligence. As stated above, the court's decision was based on the railroad's explicit admission to Hayes's proposed finding of fact. Alternatively, Wisconsin & Southern Railroad explicitly admitted Pieper's negligence in response to the plaintiffs' amended complaint. (ECF No. 31.) Admissions of these sort were not at issue in *Douglas Equipment*.

Wisconsin & Southern Railroad having admitted that Pieper was negligent, that left only the question of whether Pieper was the railroad's agent. The court concluded it was (a conclusion Wisconsin & Southern Railroad does not ask the court to reconsider). That settled the question of Wisconsin & Southern Railroad's liability to Hayes under the Federal Employers Liability Act. Therefore, the court finds no basis to alter its decision granting Hayes's motion for summary judgment on his claim against Wisconsin & Southern Railroad.

Wisconsin & Southern Railroad alternatively asks that it be allowed to withdraw its admission to Hayes's request to admit. Again, in granting Hayes's motion for summary judgment, the court relied not on the response to the request to admit but on

Wisconsin & Southern Railroad's response to Hayes's proposed findings of fact. Although Hayes cited, in part, Wisconsin & Southern Railroad's response to the request to admit for support of his proposed finding of fact, the withdrawal of that admission would not negate the railroad's admission of the fact. Moreover, as noted, Wisconsin & Southern Railroad's answer to the plaintiffs' amended complaint provides an independent basis to find that it admitted Pieper's liability.

Finally, Wisconsin & Southern Railroad asks the court for leave to pursue an interlocutory appeal.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Wisconsin & Southern Railroad's request is based on a mischaracterization of the "controlling question of law." At issue is not a question of whether allegations in a third-party complaint or admissions in discovery responses constitute judicial admissions. Rather, the principle underlying the court's decision is that a party is bound by its explicit admissions to the proposed findings of fact a movant submits in support of a motion for summary judgment. The court does not find "substantial ground for difference of opinion" on this point.

**IT IS THEREFORE ORDERED** that Wisconsin & Southern Railroad's "Motion to Reconsider, [sic] the Court's November 18, 2019 Order, or, in the Alternative, to Withdraw its Unintended Admissions or, in the Further Alternative, to Certify Order for Interlocutory Appeal" (ECF No. 92) is **DENIED**.

Dated at Milwaukee, Wisconsin this 21st day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge