# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSTIN M. HAYES and AMANDA E. HAYES,**
     **Plaintiffs,**

    **v.**           **Case No. 18-CV-923**

**WISCONSIN & SOUTHERN RAILROAD, LLC,**
**LLOYDS,**
**PIEPER ELECTRIC, INC., and**
**ZURICH AMERICAN INSURANCE COMPANY,**
      **Defendants.**

**WISCONSIN & SOUTHERN RAILROAD, LLC,**
      **Third-Party Plaintiff,**
**v.**

**ZURICH AMERICAN INSURANCE COMPANY and**
**PIEPER ELECTRIC, INC.,**
      **Third-Party Defendant.**

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

Justin Hayes was electrocuted while working as a welder for Wisconsin &
Southern Railroad, LLC (WSOR). He and his wife sued WSOR and its electrical
contractor, as well as their respective insurers. One of those insurers, Zurich American
Insurance Company, sought declaratory judgment that it was not obligated to defend nor

indemnify WSOR regarding the Hayes's claims. (ECF No. 42 at 15-24.) On November 12, 2019, the court granted Zurich's motion for summary judgment on its claim and held that "Zurich American Insurance Company has no duty to indemnify nor defend WSOR with respect to the plaintiffs' claims." (ECF No. 89.) However, the order did not resolve the entire action or even resolve all claims involving Zurich or WSOR. Zurich did not request the immediate entry of judgment under Rule 54(b). Therefore, because the court was unable to sua sponte conclude that there was no just reason for delay, *see* Fed. R. Civ. P. 54(b), the court did not enter judgment as to this declaratory action.

Notwithstanding this court's conclusion that Zurich had no duty to defend WSOR, under Wisconsin law, "[i]n cases where a coverage decision is not final before the trial on liability and damages occurs, the insurance company must provide a defense to its insured." *Newhouse v. Citizens Sec. Mut. Ins. Co.*, 176 Wis. 2d 824, 837, 501 N.W.2d 1, 6 (1993). If the insurer relies on the lower court's decision that it has no obligation to defend, it risks that the lower court's decision will be reversed on appeal, in which case it may be liable for damages that flow from its breach of the duty to defend. *Id.* at 836, 501 N.W.2d at 6. Consequently, WSOR demands that Zurich continue to defend it.

In an effort to cut off its obligation to defend WSOR, on December 23, 2019, Zurich moved for the entry of final judgment pursuant to Fed. R. Civ. P. 54(b). (ECF No. 97.) However, the Court of Appeals for the Seventh Circuit

> [l]ong ago … added a timeliness requirement as a hedge against dilatory Rule 54(b) motions. *Schaefer v. First Nat'l Bank of Lincolnwood*, 465

F.2d 234, 236 (7th Cir. 1972). [It] held in *Schaefer* that 'as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates.' *Id.*

*King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017). Zurich filed its motion 41 days after the order granting its motion for summary judgment. (*See* ECF Nos. 89 (Nov. 12, 2019); 97 (Dec. 23, 2019).) "An untimely Rule 54(b) motion may be granted only if there is a showing of extreme hardship," *King,* 845 F.3d at 867, and where the delay "is not occasioned by neglect or carelessness," *id.* at 868 (quoting *Schaefer*, 465 F.2d at 236).

Faced with the clear admonition from the court of appeals that it would be an abuse of discretion to grant a motion for a Rule 54(b) order that was filed more than 30 days after the adjudication to which it relates, and Zurich's failure to make any effort to show that an exception to this rule should apply (or even explain why it was seeking final judgment), the court denied Zurich's motion. *Hayes v. Wis. & S. R.R., LLC*, No. 18-CV-923, 2020 U.S. Dist. LEXIS 7482 (E.D. Wis. Jan. 16, 2020); (ECF No. 99).

Zurich has now moved for reconsideration of the court's order. (ECF No. 101.) It refers to the Court of Appeals' holding in *Schaefer* as "a non-statutory general rule imposed in certain Seventh Circuit cases that a district court should not grant a motion for a Rule 54(b) order when the motion is filed more than 30 days after the entry of the adjudication to which it relates." (ECF No. 101 at 2.) It argues that "this general rule should not be applied to the circumstances present here, involving claims for declaratory

relief, and the factors underlying the purpose and enforcement of the rule do not exist." (ECF No. 101 at 8.) WSOR opposes Zurich's motion. Zurich did not reply.

In an effort to avoid the consequences of its delay, Zurich argues that the 30-day clock established in *Schaefer* never started to run because the court "did not specifically identify in the conclusion paragraph of its order the declaratory relief" it was granting. (ECF No. 101 at 3.) "[F]or an adjudication with respect to requested declaratory relief, a court must enter an order specifically stating the declaratory findings and relief awarded." (*Id.*) This argument, of course, ignores the fact that the sentence immediately preceding the concluding paragraph states, "Zurich American Insurance Company has no duty to indemnify nor defend WSOR with respect to the plaintiffs' claims." In Zurich's view, "A declaratory judgment action presents unique circumstances under which the court must first enter an order identifying the specific declaratory findings and relief before a final judgment can be entered on such relief." (ECF No. 101 at 3.)

Zurich attempts to support this argument by citing cases that stand for the general proposition that an opinion is no substitute for a judgment. (ECF No. 101 at 3 (citing *Alpine State Bank v. Ohio Cas. Ins. Co.*, 941 F.2d 554, 558 (7th Cir. 1991); *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 591 (7th Cir. 1990)).) But, of course, the court's summary judgment decision was not itself a judgment. The court never suggested it was. Obviously, a separate judgment is required to comply with Rule 58. In fact, it is because this court's order was not a judgment that Zurich's motion for the entry of final judgment

was necessary. Simply because the court's decision was not a judgment cannot mean that it did not adjudicate Zurich's claim for purposes of Rule 54(b). If only a judgment adjudicated a claim, Rule 54(b) would be unnecessary. The cases Zurich cites do not hold that any specific phrasing in a decision is necessary to constitute an "adjudication" of a claim under Rule 54(b). Therefore, the court rejects Zurich's contention that the *Schaefer* 30-day clock did not start to run when the court issued its decision on Zurich's summary judgment motion.

Zurich's alternative argument is that "[c]onsiderations relevant to the 30-day rule are also inapplicable here." (ECF No. 101 at 4.) It notes that the facts here are unlike those in *Schaefer,* where the delay was over a year. (ECF No. 101 at 4.) It also argues that, given WSOR's position that Zurich's duty to defend did not end with the court's summary judgment decision in Zurich's favor, it will be prejudiced by the absence of a final judgment. (ECF No. 101 at 5.)

Having now been provided (by WSOR, ironically) with the context and explanation as to why Zurich seeks entry of final judgment (absent from Zurich's initial motion), the court acknowledges that this case is unlike *Schaefer* and most cases dealing with the entry of judgment under Rule 54(b). Zurich seeks the entry of final judgment *not* so that *it* may appeal but rather to force WSOR to either appeal or accept this court's decision. Only then, with either the affirmance of this court's decision on appeal or WSOR forgoing an appeal, may Zurich confidently forego any further defense of WSOR in this

lawsuit. Absent such finality, Zurich must either gamble that this court was correct or continue to defend WSOR.

Viewed in this context, the court acknowledges that this is perhaps the sort of "extreme hardship" that would justify an exception to *Schaefer*'s 30-day rule. But even if it is, that is only half of what a litigant must show before "this general rule might be abrogated in the interest of justice." *Schaefer*, 465 F.2d at 236. The movant must also show that the "dilatoriness [was] not occasioned by neglect or carelessness." *Id*. Despite now having had two opportunities to do so, Zurich has made no effort to explain why it waited 41 days in which to seek the entry of judgment. The closest it comes is when it contends:

> Similarly, ZAIC and its counsel have been diligent in their handling of this action. This lawsuit presents unique issues for ZAIC, as it has essentially been defending the suit on four fronts: providing a defense to Pieper Electric, Inc. as a named insured; providing a defense to WSOR as an additional insured; defending itself as a direct action defendant as Pieper's insurer; and defending itself as a third-party defendant in the action brought by WSOR. In consideration of the many moving parts in this case, a delay of 11 days should not preclude this Court from entering a final judgment in favor of ZAIC, consistent with its order.

(ECF No. 101 at 5.) The court has no reason to doubt that, overall, Zurich's defense of this lawsuit has been a handful. But that general observation is not specific to the 30-day period following the court's decision granting Zurich's summary judgment motion. In other words, it does not specifically explain why Zurich did not seek entry of final judgment within 30 days after the court's summary judgment decision. In the absence of

any explanation, it is impossible for the court to find that Zurich's delay was "not occasioned by neglect or carelessness."

None of Zurich's other arguments can overcome the absence of any such explanation. The fact that Zurich's delay was not as extreme as that at issue in *Schaefer* does not justify an exception. The court of appeals drew a bright line at 30 days and Zurich is on the wrong side of it. *Cf. Autozone, Inc. v. Strick*, No. 03 C 8152, 2007 U.S. Dist. LEXIS 15156, at *4-5 (N.D. Ill. Mar. 1, 2007) (denying certification that was filed one-week after 30-day deadline despite the fact that the party had timely orally advised the court of its intent to seek certification); *Heath v. Wal-Mart Stores, Inc.*, NA 99-63-C B/S, 2001 U.S. Dist. LEXIS 699, at *3 (S.D. Ind. Jan. 23, 2001) (denying certification because it was filed 48 days after the entry of summary judgment decision). And notwithstanding Zurich's attempts to diminish the import of the court of appeals' "non-statutory general rule imposed in certain Seventh Circuit cases" (ECF No. 101 at 2), the holding of *Schaefer v. First Nat'l Bank*, 465 F.2d 234, 236 (7th Cir. 1972), is explicit and remains binding on this court, *see King*, 845 F.3d at 868.

Consequently, Zurich's motion for reconsideration is **DENIED**.

Finally, Zurich "renews its request that the Court bifurcate the third-party coverage action and stay the remainder of the case pending resolution of further motions on the impact of this Court's order on summary judgment related to [Zurich]'s coverage obligations." (ECF No. 101 at 6.) This request is **DENIED**. From the court's perspective,

the coverage issue is settled. As the court explicitly held in its prior decision, "Zurich American Insurance Company has no duty to indemnify nor defend WSOR with respect to the plaintiffs' claims." (ECF No. 89 at 9.)

Dated at Milwaukee, Wisconsin this 23rd day of April, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge