# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSTIN M. HAYES, et al.,**

      **Plaintiffs,**

  v.                                    Case No. 18-CV-923

**WISCONSIN & SOUTHERN RAILROAD LLC, et al.,**

      **Defendants.**

---

**WISCONSIN & SOUTHERN RAILROAD, LLC,**

      **Third-Party Plaintiff,**

  v.

**PIEPER ELECTRIC, INC.,**

      **Third-Party Defendant.**

---

## DECISION AND ORDER

On November 12, 2019, the court concluded that Zurich American Insurance Company had no duty to indemnify nor defend Wisconsin and Southern Railroad, LLC with respect to the claims brought by plaintiffs Justin M. Hayes and his wife, which underlie this action. (ECF No. 89.) Zurich then moved for the entry of final judgment on

the railroad's third-party complaint against Zurich and Zurich's counterclaim against the railroad. (ECF No. 97.) Because Zurich's motion was untimely, the court was compelled to deny it. *Hayes v. Wis. & S. R.R., LLC*, No. 18-CV-923, 2020 U.S. Dist. LEXIS 7482 (E.D. Wis. Jan. 16, 2020).

Zurich asked the court to reconsider. It noted that, under Wisconsin law, even after a trial court finds that an insurer has no duty to defend, an insurer still may be liable for bad faith if it ceases to provide a defense and the trial court's coverage decision is reversed on appeal. Only if the court entered judgment and the coverage issue were resolved on appeal, or the time for the railroad to pursue an appeal expires, may Zurich confidently stop providing a defense to the railroad.

On reconsideration, the court reiterated that its hands were tied. Controlling precedent of the Court of Appeals for the Seventh Circuit made clear that "it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates," *Hayes v. Wis. & S. R.R., LLC*, No. 18-CV-923, 2020 U.S. Dist. LEXIS 71646, at *3 (E.D. Wis. Apr. 23, 2020) (quoting *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017)), unless there "'is a showing of extreme hardship,' and where the delay 'is not occasioned by neglect or carelessness,'" *id.* (quoting *King*, 845 F.3d at 867, 868). Because Zurich failed to show that its delay was not occasioned by neglect or carelessness, the court had to deny Zurich's motion. *Id*.

2

Zurich then filed a second amended answer and counterclaim, adding a claim for unjust enrichment and reimbursement against the railroad and seeking reimbursement for all past and further defense costs. (ECF No. 110.) On January 20, 2021, the court granted the railroad's motion to dismiss Zurich's amended counterclaim. *Hayes v. Wis. & S. R.R., LLC*, No. 18-CV-923, 2021 U.S. Dist. LEXIS 10175 (E.D. Wis. Jan. 20, 2021). The railroad has now timely moved under Federal Rule of Civil Procedure 54(b) for the entry of judgment dismissing Zurich's amended counterclaim for unjust enrichment and reimbursement. (ECF No. 141.)

Zurich opposes the motion. (ECF No. 143.) It argues that a final judgment would result in piecemeal appeals and there is no danger of hardship or injustice if final judgment is delayed until the conclusion of this action.

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

When presented with a motion for the entry of partial judgment under Rule 54(b),

> [a] district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

3

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). The court's decision dismissing Zurich's counterclaim for unjust enrichment was undoubtedly "an ultimate disposition of an individual claim."

> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."

*Id.* at 8 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 435, 437). "Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Id*.

The prospect of multiple appeals from the same underlying action is inherent whenever a court enters judgment under Rule 54(b) on fewer than all claims or parties. Thus, while the court must consider "the historic federal policy against piecemeal appeals," *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 438), that, by itself, is not reason enough refuse to enter partial judgment.

But Zurich's unjust enrichment claim is intertwined with the court's decision that Zurich is not obligated to defend or indemnify the railroad. If Zurich has a duty to

defend the railroad, it could not have an unjust enrichment claim against the railroad for providing that defense. As discussed above, the court cannot yet enter final judgment regarding its decision that Zurich is not obligated to defend the railroad. Any appeal of that decision will have to wait until the underlying case is resolved.

If the court were to enter judgment now on Zurich's unjust enrichment claim, it would put any appeal of the unjust enrichment claim ahead of any appeal of the coverage decision. The consequence would be to present to the court of appeals an appeal that might be mooted by a later appeal in the same action. To do so would be inefficient. It makes the most sense for both issues to be presented to the court of appeals concurrently. This is most readily accomplished by the court entering a single judgment at the completion of this action. Therefore, judicial administrative interests favor denying the railroad's motion.

The railroad, however, argues that equitable considerations favor the immediate entry of partial judgment. (ECF No. 144 at 3-5.) It asserts that, "if an appellate court ultimately accepts [Zurich's] unjust enrichment theory (after full and final litigation occurs before this Court), then [the railroad] will be in a worse position than if it had been able to (and chosen to) pursue an appeal of this Court's insurance coverage determination." (ECF No. 144 at 4.)

The court disagrees. If the court of appeals says that the railroad must face Zurich's unjust enrichment claim, at worst the railroad will be required to pay the

defense costs that the court has already found to be its responsibility. That Zurich has paid and continues to pay those costs because it has concluded that it is in its best interest to do so does not change the fact that these otherwise would be the railroad's costs.

Nor would denying the entry of judgment on Zurich's unjust enrichment claim risk punishing the railroad for Zurich's dilatoriness in seeking judgment on the coverage dispute. Again, at worst the railroad will pay what the court has already said it is obligated to pay.

In sum, the equitable considerations are insufficient to justify the inefficiency of having the court of appeals consider an appeal that may be mooted by a subsequent appeal in the same action. The interests of sound judicial administration favor having the court of appeals consider the coverage dispute and Zurich's unjust enrichment claim together.

**IT IS THEREFORE ORDERED** that Wisconsin and Southern Railroad, LLC's "Motion for Entry of Final Judgment" (ECF No. 141) is denied.

Dated at Milwaukee, Wisconsin this 10th day of May, 2021.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge