# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSTIN M. HAYES, et al.,**

        **Plaintiffs,**

        v.                                           Case No. 18-CV-923

**WISCONSIN AND SOUTHERN RAILROAD, LLC, et al.,**

        **Defendants.**

## ORDER

Before the court is the plaintiffs' motion to enforce a subpoena duces tecum against third-party Soo Line Railroad Company, which does business as Canadian Pacific Railway Company. (ECF No. 166.) Counsel for the plaintiffs represents that a subpoena was served on Canadian Pacific's registered agent on May 25, 2021. (ECF Nos. 167 at 3.) The deposition was scheduled for six days later, on May 31, 2021. (ECF No. 167 at 3.) Canadian Pacific did not comply or move to quash, and plaintiffs' counsel has been unsuccessful in his efforts to identify a person at Canadian Pacific who is in a position to discuss the matter. (ECF No. 167 at 3-7.) The plaintiffs seek an order compelling Canadian Pacific's compliance with the subpoena, as well as their costs. (ECF No. 167 at 7-8.)

As noted, the plaintiffs state in their motion that Canadian Pacific was served on May 25, 2021, thus affording the non-party only six days (including a Saturday and Sunday) to comply with the subpoena.[1] This did not allow a reasonable time to comply, and consequently, had Canadian Pacific moved to quash the subpoena, the court would have granted the motion. *See* Fed. R. Civ. P. 45(d)(3).

Moreover, the deposition was scheduled for Memorial Day. While there is no absolute prohibition against conducting depositions on federal holidays, *cf. Lawrence v. United States*, No. 18 C 1570, 2021 U.S. Dist. LEXIS 28429, at *7 (N.D. Ill. Feb. 16, 2021) (referring to a deposition scheduled on a federal holiday as "poorly planned and poorly timed"), this fact further reinforces the unreasonableness of the plaintiffs' subpoena.

In effect, the plaintiffs gave Canadian Pacific at most only three business days to comply with the subpoena, which required the production of documents. Given the realities of how long it may take for a subpoena to wend its way from a registered agent and through the bureaucracy of a large company, combined with the holiday weekend, it is certainly possible that it was not until after the scheduled deposition that a responsible official at Canadian Pacific first learned of the subpoena. Granted, upon learning of the subpoena a Canadian Pacific official should have contacted plaintiffs'

---

[1] It is unclear when Canadian Pacific was actually served. The proof of service completed by the plaintiffs' process server on May 25, 2021, states that he received the subpoena on "5/25/2021" and he served it on "John Long, Authorized Agent" on "5/24/2021 at 11:20 AM." (ECF No. 168-1.) Obviously, a process server could not have served a document before he received it. For this reason, and because it is the date relied on by the plaintiffs, the court accepts that Canadian Pacific was served on May 25, 2021.

2

counsel. The court cannot approve Canadian Pacific's inaction given that its non-compliance risked contempt. *See United States SEC v. Hyatt*, 621 F.3d 687, 692-97 (7th Cir. 2010). But the fact that Canadian Pacific apparently failed to communicate with plaintiffs' counsel does not require granting the motion to compel.

On its face, the subpoena appears otherwise appropriate. But granting the plaintiffs' motion to compel would largely foreclose Canadian Pacific's opportunity to challenge the substance of the subpoena. Because the subpoena was unreasonable at the outset, the court will deny the motion to compel. The plaintiffs may again issue a subpoena duces tecum to Canadian Pacific and provide it a reasonable amount of time (not less than 21 days) to comply. If Canadian Pacific then fails to comply, the plaintiffs may again move the court to enforce the subpoena.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Enforce Subpoena (ECF No. 166) is **denied**. The plaintiffs may again subpoena Canadian Pacific.

Dated at Milwaukee, Wisconsin this 20th day of September, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge