UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN M. HAYES and AMANDA E. HAYES,
        Plaintiffs,

     v.                            Case No. 18-CV-923

WISCONSIN & SOUTHERN RAILROAD, LLC,
LLOYDS,
PIEPER ELECTRIC, INC., and
ZURICH AMERICAN INSURANCE COMPANY,
        Defendants.

WISCONSIN & SOUTHERN RAILROAD, LLC,
        Third-Party Plaintiff,
v.

ZURICH AMERICAN INSURANCE COMPANY and
PIEPER ELECTRIC, INC.,
        Third-Party Defendant.

## DECISION AND ORDER

Justin Hayes was electrocuted while working as a welder for Wisconsin & Southern Railroad, LLC (WSOR). He and his wife sued WSOR and its electrical contractor, as well as their respective insurers. One of those insurers, Zurich American

Insurance Company, seeks summary judgment on its claim for declaratory judgment, declaring that it has no duty to defend or indemnify WSOR in this action. (ECF No. 155.)

What is unusual is that the court already resolved this question more than two years ago (ECF No. 89) and expressly held that "Zurich American Insurance Company has no duty to indemnify or defend WSOR with respect to the plaintiffs' claims." *Hayes v. Wis. & S. R.R., LLC*, No. 18-CV-923, 2020 U.S. Dist. LEXIS 71646, at *2 (E.D. Wis. Apr. 23, 2020) (quoting ECF No. 89). Zurich nonetheless asks the court to again hold that it has no duty to defend or indemnify or WSOR, this time asserting an alternative basis for that conclusion.

After the court granted summary judgment in favor of Zurich, it asked the court to enter judgment under Fed. R. Civ. P. 54(b). Although no party responded to Zurich's motion, because the motion was untimely under *Schaefer v. First Nat'l Bank*, 465 F.2d 234, 236 (7th Cir. 1972), the court was required to deny it. *Hayes v. Wis. & S. R.R., LLC*, No. 18-CV-923, 2020 U.S. Dist. LEXIS 7482, at *3-4 (E.D. Wis. Jan. 16, 2020).

Under Wisconsin law, an insurer may be liable for a breach of the duty to defend if a trial court decision is reversed on appeal. *Hayes*, 2020 U.S. Dist. LEXIS 71646, at *2 (discussing *Newhouse v. Citizens Sec. Mut. Ins. Co.*, 176 Wis. 2d 824, 837, 501 N.W.2d 1, 6 (1993)). By missing the deadline for requesting the entry of judgment, Zurich has been unable to confidently cease defending WSOR.

2

After denying Zurich's motion to enter judgment, the court denied Zurich's motion for reconsideration of that decision. *Hayes*, 2020 U.S. Dist. LEXIS 71646. While the policy behind the Seventh Circuit's 30-day rule for seeking the entry of judgment may not have been implicated, the court was not at liberty to disregard the Court of Appeals' unambiguous holding that it would be an abuse of discretion to grant a Rule 54(b) motion unless there was both "extreme hardship" and proof that the delay was "not occasioned by neglect or carelessness." *Hayes*, 2020 U.S. Dist. LEXIS 71646, at *3-4. Zurich failed to make any effort to show that its delay resulted from something other than neglect or carelessness.

Zurich then sought to file an amended answer and counterclaim, adding a counterclaim for unjust enrichment and seeking reimbursement of the costs it had incurred, and would continue to incur, defending WSOR. (ECF No. 106.) Because no party objected, the court allowed the amendment. (ECF No. 109.) WSOR then moved to dismiss Zurich's new unjust enrichment counterclaim (ECF No. 112), which motion the court granted. *Hayes v. Wis. & S. R.R., LLC*, 514 F. Supp. 3d 1055 (E.D. Wis. 2021). "[I]f presented with the question, the Wisconsin Supreme Court would likely hold that under Wisconsin law an insurer may not, by way of a claim of unjust enrichment, seek to recover from its insured the costs it expended defending a claim for which the insurance policy did not provide coverage." *Hayes*, 514 F. Supp. 3d at 1064. Zurich then sought judgment under Rule 54(b) regarding that decision. (ECF No. 141.) The court denied the motion, in

3

part because it would result in piecemeal appeals and force the court of appeals to consider an appeal that may be mooted by a later appeal in the same action. *Hayes v. Wis. & S. R.R., LLC*, No. 18-CV-923, 2021 U.S. Dist. LEXIS 88399 (E.D. Wis. May 10, 2021).

WSOR contends that Zurich's latest motion is just another attempt to avoid the consequences of its earlier delay in seeking judgment after the court first concluded it had no duty to defend or indemnify WSOR. (ECF No. 163 at 2 ("To put it plainly, ZAIC's present motion is nothing more than an attempt to find a backdoor means of avoiding the consequences of its own prior failures in this case.").) But Zurich denies what seems obvious and insists that "the purpose of ZAIC's motion is to obtain a finding that it has no duty to defend or indemnify WSOR based upon additional grounds that could not have been included in its first motion in order to strengthen its position in a prospective appeal." (ECF No. 165 at 2.)

If this is an attempt by Zurich to merely "strengthen its position in a prospective appeal" (ECF No. 165 at 2), the motion should merit little consideration by the court. Courts routinely and prudentially decline to consider alternative grounds for relief even when those grounds are presented in a single motion. This approach avoids courts having to address matters broader than necessary to resolve the dispute before it. When a court has fully considered a matter and awarded a party all the relief it seeks or to which it is entitled, absent a compelling reason to do so the court is strongly disinclined to consider alternative reasons to grant the same relief. To do so is unfair to the many other litigants

4

awaiting decisions by this court. Strengthening a litigant's position on appeal is not a compelling reason. And, frankly, the court has never heard of a court entertaining a second motion for summary judgment when it has already granted the movant all the relief it seeks.

Although wholly of Zurich's own doing, the court nonetheless appreciates the disproportionate consequences and difficult decisions it faces due to a quirk of Wisconsin insurance law and the deadline for filing Rule 54(b) motions created by the Seventh Circuit Court of Appeals. But the court is not at liberty to ignore an explicit holding of the Court of Appeals, and Zurich's recoupment theory failed as a matter of law.

Having said that, there is arguably a compelling reason for considering Zurich's renewed motion. For purposes of its first motion for summary judgment, Zurich conceded that WSOR was an additional insured under the Zurich policy. (ECF No. 89 at 6 (citing ECF No. 73 at 3).) A Master Service Agreement between Zurich's insured, Pieper Electric, Inc., and WSOR required that Pieper list WSOR as an additional insured on its policies. Zurich then issued a policy that included as additional insureds anyone Pieper was contractually required to add as an additional insured. (ECF No. 162, ¶ 4.) The court presumed that WSOR was an additional insured but held that the "Employer's Liability" exclusion of the policy barred coverage for the plaintiffs' claims against WSOR. (ECF No. 89 at 9.)

5

Pieper subsequently moved for summary judgment on WSOR's contractual indemnification claim, arguing that the Master Service Agreement had terminated before the acts that give rise to this action. (ECF Nos. 126, 127.) The court agreed with Pieper and held that the Master Service Agreement between Pieper and WSOR expired no later than May 16, 2016. (ECF No. 147 at 6.)

Although not at issue in Pieper's motion, the implication of that decision is that WSOR could not have been an additional insured under the policy because at no time that the policy was in effect (ECF No. 162, ¶ 1 (stating that the policy was in effect from January 1, 2018 to January 1, 2019)) was Pieper contractually obligated to add WSOR as an additional insured under its insurance policy.

In other words, after granting Zurich's motion for summary judgment and finding that its policy excluded coverage for the plaintiffs' claims against WSOR, a later decision by the court negated the contractual foundation for that coverage decision. That a basis for Zurich's renewed motion exists ironically highlights the perils of a Rule 54(b) motion; what appears to be an independent and final decision may be affected in unexpected ways by later actions in the case. Granted, the court's conclusion that the Master Service Agreement terminated before the effective date of the insurance policy likewise supports the conclusion that Zurich is not obligated to defend or indemnify WSOR. But the court is persuaded that the change in circumstances provides a good reason to consider Zurich's renewed motion for summary judgment.

6

WSOR does not substantively respond to the merits of Zurich's motion. By failing to respond, Zurich has forfeited any argument in opposition. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *Galvan v. Cmty. Unit Sch. Dist. No. # 300*, 46 F. Supp. 3d 836, 841 (N.D. Ill. 2014) (citing cases). And, in any event, as explained above, Zurich is entitled to the relief it seeks. Because the Master Service Agreement between Pieper and WSOR expired before the effective date of the policy (ECF No. 147 at 6), WSOR was not an additional insured under Pieper's policy with Zurich. Accordingly, Zurich's second motion for summary judgment (ECF No. 155) is **granted**. Zurich has no duty to defend or indemnify WSOR as to any claim asserted in this action.

Finally, Zurich does not seek judgment under Rule 54(b). WSOR, nonetheless, devotes much of its response to arguing that judgment would be inappropriate. Because WSOR has demonstrated that there may be "just reason for delay," the court will not *sua sponte* enter judgment.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of November, 2021.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge