UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JUSTIN M. HAYES and AMANDA E. HAYES,**
            **Plaintiffs,**

      v.                                                      Case No. 18-CV-923

**WISCONSIN & SOUTHERN RAILROAD, LLC,**
**LLOYDS,**
**PIEPER ELECTRIC, INC., and**
**ZURICH AMERICAN INSURANCE COMPANY,**
            **Defendants.**

**WISCONSIN & SOUTHERN RAILROAD, LLC,**
            **Third-Party Plaintiff,**

v.

**ZURICH AMERICAN INSURANCE COMPANY and**
**PIEPER ELECTRIC, INC.,**
            **Third-Party Defendant.**

---

# ORDER

Before the court is the joint motion of defendants Wisconsin and Southern Railroad, LLC and Pieper Electric, Inc. for an extension of the deadlines for disclosure of their damage experts and for the completion of discovery. (ECF No. 174.) They seek until March 1, 2022, to disclose their damage experts and until April 29, 2022, to complete all

discovery. (ECF No. 174 at 2.) They propose to maintain the current deadline of January 28, 2022, for dispositive motions. (ECF No. 174 at 4.)

The defendants note that the plaintiffs required an extension to disclose their experts, and when they did so on October 14, 2021, those disclosures were extensive—four non-retained experts and eight retained experts who provided a total of 219 pages of expert reports. (ECF No. 174 at 2.)

Originally, the defendants then had about two months to disclose their experts. The plaintiffs agreed to an extension to give the defendants an additional month. (ECF No. 174 at 3.) And now the defendants ask the court to approve about 45 days more.

The plaintiffs oppose the defendants' motion. (ECF No. 175.) The plaintiffs' response, however, is nearly four times as long as that authorized under Civ. L.R. 7(h)(2). While oversized responses are routinely stricken, *see Clark Tech. LLC v. Corncob Inc.*, No. 18-CV-1559-JPS, 2019 U.S. Dist. LEXIS 153668, at *50 fn. 7 (E.D. Wis. Sep. 10, 2019), the court declines to exercise its discretion to do so here.

The plaintiffs correctly note that a motion for an extension of time must be supported by "good cause," but incorrectly characterize this standard as a "high hurdle." (ECF No. 175 at 2.) Good cause means simply "a valid reason," *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (discussing "good cause" under Fed. R. Civ. P. 4(m)), combined with "diligence," *see Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (discussing "good cause" under Fed. R. Civ. P. 16(b)).

2

While the plaintiffs demonstrate that the defendants have had much relevant information for a long time (ECF No. 175 at 3-4), that information consisted primarily of medical records and opinions of un-retained experts. It was not until October 14, 2021, that the defendants could meaningfully turn to their experts. Given the circumstances of this case, the plaintiffs' extensive disclosures, and the somewhat unusual nature of Mr. Hayes's injuries, it is not surprising that the defendants find themselves requiring more time than they had expected. Taken together, the defendants have adequately demonstrated a good reason for the requested extension and that they have been proceeding with reasonable diligence.

The plaintiffs are understandably frustrated with the time that this case has taken. Much of that time has been consumed by disputes between the defendants and their insurers which, from the plaintiffs' perspective, has not materially advanced their claims. But the defendants correctly note that a delay in expert disclosures need not necessarily delay the filing of dispositive motions. It is the resolution of the dispositive motions that will have the most material impact on moving this case forward.

The defendants, however, do not address the deadline for filing motions under *Daubert* or otherwise challenging an expert. As is the court's standard practice, this deadline is currently the January 28, 2022 deadline for filing pretrial motions. Naturally, the court cannot maintain this deadline if the defendants do not disclose their experts until March 1, 2022. Therefore, that deadline must also be moved.

3

**IT IS THEREFORE ORDERED** that the motion of defendants Wisconsin and Southern Railroad, LLC and Pieper Electric, Inc. (ECF No. 174) is **granted**. Defendants shall disclose their damage experts by no later than March 1, 2022. All discovery is to be completed by no later than April 29, 2022. Any motion under *Daubert* or otherwise challenging a party's expert witness shall be filed no later than April 29, 2022.

Dated at Milwaukee, Wisconsin this 5th day of January, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge