UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN M. HAYES and AMANDA E. HAYES,
          Plaintiffs,

     v.                                          Case No. 18-CV-923

WISCONSIN & SOUTHERN RAILROAD, LLC,
LLOYDS,
PIEPER ELECTRIC, INC., and
ZURICH AMERICAN INSURANCE COMPANY,
          Defendants.

WISCONSIN & SOUTHERN RAILROAD, LLC,
          Third-Party Plaintiff,
v.

ZURICH AMERICAN INSURANCE COMPANY and
PIEPER ELECTRIC, INC.,
          Third-Party Defendant.

## DECISION AND ORDER

**1. Facts**

Justin Hayes worked as a welder for Wisconsin & Southern Railroad, LLC (WSOR) at its repair shop. On February 12, 2018, as Hayes began using a welding machine, it did not seem to be working correctly. (ECF No. 188, ¶ 36.) Hayes plugged the machine into a

different outlet using an extension cord and was able to complete his project. (ECF No. 188, ¶ 39.) When Hayes moved on to other work, the plug "blew up." (ECF No. 188, ¶ 41.) Another WSOR employee instructed Hayes to plug the machine into another outlet, which he did. (ECF No. 188, ¶ 44.) When the other employee noticed that the welding machine was not working correctly, he made some adjustments. (ECF No. 188 at 45.) Almost immediately after Hayes began welding again, he "noticed that the welding puddle got extremely bright, saw a bright flash, heard a bang and remembers nothing else after that." (ECF No. 188, ¶ 46.)

A few days before, an electrician from Pieper Electric, Inc. had been to the shop to investigate a report that sparks had been seen coming from an electrical junction box. (ECF No. 188, ¶ 16.) The electrician was unable to complete the repair that day. (ECF No. 188, ¶¶ 24, 32.) Before he left, he locked out the problem box and checked other outlets with a multimeter (ECF No. 188, ¶¶ 26-29) because a WSOR employee reported that someone had received a shock while using a welder (ECF No. 188, ¶ 25). The electrician did not identify any issues with any other outlet he tested and speculated that the issue might be with the welding machine. (ECF No. 188, ¶ 31.)

Following Hayes's injury WSOR hired two other electrical contractors to inspect the facility, including CDL Electric. (ECF No. 188, ¶ 54.) WSOR refused to allow a Pieper employee to enter the shop even just to accompany the independent contractors on their inspection. (ECF No. 188, ¶¶ 53, 85.) The independent electrical contractors inspected

2

portions of the system but could not locate where the failure occurred. (ECF No. 188, ¶ 56.) However, the contractors did identify a multitude of issues with the electrical system in the shop, including that the system was quite old. (ECF No. 188, ¶ 57.) CDL replaced components of the electrical system (ECF No. 188, ¶ 58), but those removed components have not been preserved. (ECF No. 188, ¶ 59.)

Pieper argues that WSOR's failure to preserve the removed components prevents it from defending against the claims made against it. Therefore, it seeks dismissal of the claims as a sanction for the failure to preserve evidence. Alternatively, it seeks summary judgment with respect to the plaintiffs' demand for punitive damages.

**2. Spoliation**

**2.1. Applicable Law**

As a preliminary matter, the court must determine whether federal or state law governs Pieper's spoliation motion. Hayes's underlying negligence claim against Pieper arises under state law. (ECF No. 23 at 6-9.) There is support for the conclusion that a federal court looks to state law in such circumstances. *Charter Oak Fire Ins. Co. v. FSSI, Inc.*, No. 1:17-cv-03451-JMS-MPB, 2019 U.S. Dist. LEXIS 122892, at *16 (S.D. Ind. July 24, 2019) (citing *Allstate Ins. Co. v. Sunbeam*, 53 F.3d 804, 806 (7th Cir. 1995) ("Generally, in a diversity case, state law governs issues that potentially alter the outcome of a case"); *Napier v. Louis Dreyfus Co.*, 2018 U.S. Dist. LEXIS 177200, 2018 WL 5016336, at *4 (N.D. Ind. Oct. 15, 2018) ("The case before me is a diversity of citizenship case, so state

3

and not federal law governs the issue of spoliation"); *Bonilla v. Rexon Indus. Corp.*, 2015 U.S. Dist. LEXIS 192331, 2015 WL 10792026, at *10 (S.D. Ind. Aug. 19, 2015) (courts in the Seventh Circuit shall "apply the respective state law principles regarding spoliation" when there is diversity of citizenship); *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, 2018 U.S. Dist. LEXIS 10141, 2018 WL 509890, at *1 (N.D. Ind. Jan. 23, 2018) ("duty to preserve pre-suit evidence is governed by Indiana state law, not federal law"); *see also J.S. Sweet Co. v. Sika Chem. Corp.*, 400 F.3d 1028, 1032 (7th Cir. 2005) (applying state law based on the agreement of the parties); *Werner v. Pittway Corp.*, 90 F. Supp. 2d 1018, 1034 (W.D. Wis. 2000); *Kohler Co. v. Cessna Aircraft Co.*, No. 96-C-1416, 1999 U.S. Dist. LEXIS 25523, at *12 (E.D. Wis. Jan. 29, 1999). But there is also authority supporting the application of federal law. *See, e.g.*, *Trask-Morton v. Motel 6 Operating Ltd. P'ship*, 534 F.3d 672, 681 (7th Cir. 2008) (applying federal law regarding spoliation in a diversity case); *Keller v. United States*, 58 F.3d 1194, 1197 n.6 (7th Cir. 1995).

Ultimately, the answer is inconsequential. The result is the same whether under Wisconsin or federal law.

Under Wisconsin law, dismissal is an appropriate sanction for spoliation only if it was the result of "egregious conduct, which means a conscious attempt to affect the outcome of litigation or a flagrant knowing disregard of the judicial process." *City of Stoughton v. Thomasson Lumber Co.*, 2004 WI App 6, ¶38, 269 Wis. 2d 339, 364, 675 N.W.2d 487, 500. Under federal law, the court must likewise consider the reason for the failure to

4

preserve evidence. *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013). The movant must show not only that an opponent breached a duty to preserve evidence but that the opponent's destruction of the evidence was in bad faith. *Id.* "A party destroys [evidence] in bad faith when it does so 'for the purpose of hiding adverse information.'" *Id.* (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008)); *see also Gabryszak v. Aurora Bull Dog Co.*, 427 F. Supp. 3d 994, 1004 (N.D. Ill. 2019).

### 2.2. Analysis

WSOR's general manager, Preston Nelson, testified that he instructed CDL's director of electrical construction, Mike Ramsey, to retain the components. (ECF No. 188-10 at 3, 26:12-27:3.) Nelson also instructed another of CDL's employees, Ryan Sodamann, to retain the components. (ECF No. 188-10 at 3, 27:5, 12-17.) Nelson testified that he was aware that CDL was placing the components on pallets and wrapping them, and Ramsey and Sodamann informed him that the components would be taken to CDL's home office and warehouse for storage. (ECF No. 188-10 at 5, 80:12-17.)

Ramsey testified that all removed components were placed on pallets to save them, but he did not know if anyone from WSOR specifically instructed CDL to preserve them. (ECF No. 188-13 at 3, 74:8-16.) Sodamann testified that he did not personally preserve any components, and he does not recall anyone from WSOR requesting that the components be preserved. (ECF No. 181-7 at 4, 265:15-266:8.)

5

These facts do not support the conclusion that WSOR's failure to preserve the components was the result of either bad faith or egregious conduct. Regardless of whether Nelson instructed CDL to set the components aside, the undisputed evidence is that the components *were* set aside. It is similarly undisputed that Nelson was told that CDL would preserve the components for WSOR. What ultimately happened to the components is unknown, but there is no evidence that Nelson (or anyone else at WSOR) told CDL to dispose of the components, much less that he did so with the requisite state of mind.

The fact that WSOR refused to allow Pieper into the shop shortly after the accident does not support the inference that it disposed of the components for the purpose of hiding evidence in a conscious attempt to affect the outcome of litigation or in a flagrant knowing disregard of the judicial process. Many reasonable explanations exist as to why WSOR may have concluded that it would be inappropriate to allow Pieper back into the shop in the hours after the accident. It may have been concerned that Pieper personnel would alter components or influence the contractor's investigation. At most, WSOR's failure to take more proactive steps to preserve the potential evidence amounts to negligence, and negligence is insufficient to support a sanction for spoliation.

Accordingly, Pieper's motion for summary judgment for spoliation will be denied.

### 3. Punitive Damages

Pieper asserts that there is insufficient evidence to support an award of punitive damages against it. (ECF No. 179 at 17-23.) Plaintiffs Justin and Amanda Hayes concede that summary judgment is appropriate with respect to their claim for punitive damages against Pieper. (ECF No. 189 at 2.) WSOR does not address the issue. (ECF No. 187.) Therefore, Pieper's motion for summary judgment regarding punitive damages, as alleged in paragraphs 36 and 41 of the plaintiffs' amended complaint (ECF No. 23), will be granted.

**IT IS THEREFORE ORDERED** that Pieper's motion for summary judgment (ECF No. 178) is **granted in part and denied in part**. The motion is granted with respect to the plaintiffs' claim for punitive damages as alleged in paragraphs 36 and 41 of the plaintiffs' amended complaint (ECF No. 23) but is otherwise denied.

Dated at Milwaukee, Wisconsin this 26th day of April, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge